IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JASON E. EVANS, | § | |
| | § | No. 328, 2022 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 2008009878 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: March 24, 2023
Decided: May 15, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## **ORDER**

Upon consideration of the parties' briefs and the record on appeal, it appears to the Court that:

(1) The appellant, Jason E. Evans, filed this appeal from his sentencing for a violation of probation ("VOP"). We affirm the Superior Court's finding that Evans violated the terms of his probation and the amount of unsuspended Level V time that the court imposed for the VOP. Because the sentencing order at issue increased the balance of the Level V time remaining to be served on Evans's sentence, however, we vacate the sentencing order and remand for resentencing.

(2) In November 2020, Evans was indicted for first-degree assault and other offenses. The charges arose from an incident in August 2020, during which

Evans cut a female companion on the head and face with a razor blade. On February 11, 2021, Evans pleaded guilty to second-degree assault. That same day, the Superior Court sentenced Evans, effective August 21, 2020, to eight years of imprisonment, suspended for one year of Level IV Work Release, followed by probation. The Superior Court later modified the sentence to change the Level IV portion from Work Release to DOC Discretion.

(3) On June 3, 2021, the Superior Court found Evans in violation of probation and resentenced him, effective June 3, 2021, to seven years and five months of imprisonment, suspended for six months of Level IV Work Release, followed by decreasing levels of supervision. Evans did not appeal.

(4) On February 1, 2022, a probation officer filed a VOP report alleging that Evans had incurred a new charge arising from contacting and threatening the victim of the assault conviction shortly after his release from Level IV supervision; had missed eight scheduled office visits; and had failed to obtain the substance abuse, mental health, and domestic violence evaluations that were required by his sentence order. At a VOP hearing on August 22, 2022, Evans admitted that he was in violation of the terms of his probation based on the missed office visits and his failure to engage in the substance abuse and mental health evaluations. The Superior Court found Evans in violation of probation and resentenced him to seven years and

2

six months of imprisonment, suspended after one year for six months of Level IV Work Release, followed by one year of Level III probation with GPS monitoring.

(5)     Evans has appealed from his August 22, 2022 VOP sentence. On appeal, Evans contends that the Superior Court imposed an excessive VOP sentence for "technical" violations and that the sentence exceeds the sentence established by the Sentencing Accountability Commission ("SENTAC") guidelines.[1]

(6)     We find no merit to Evans's claims. Evans appeared at the VOP hearing represented by counsel. He admitted that he had violated probation, and the Superior Court found him in violation based on that admission. Evans's admission to violating probation constitutes sufficient evidence to sustain the Superior Court's finding of a VOP.[2] As to his VOP sentence, "[i]t is well-established that appellate review of sentences is extremely limited."[3] Our review of a sentence generally ends upon a determination that the sentence is within the statutory limits prescribed by the legislature.[4] If the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[5] When

---

[1]   SENTAC Benchbook 2021-22, *available at* https://courts.delaware.gov/forms/ download.aspx?id.
[2] *E.g.*, *Cook v. State*, 2019 WL 949372, at *1 (Del. Feb. 25, 2019); *Lougheed v. State*, 2016 WL 5899238, at *2 (Del. Oct. 10, 2016).
[3] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[4] *Mayes v. State*, 604 A.2d 839, 842 (Del. 1992).
[5] *Kurzmann*, 903 A.2d at 714.

sentencing a defendant for a VOP, the trial court may impose any period of incarceration up to and including the balance of the Level V time remaining to be served on the original sentence.[6] The Superior Court acted within its discretion when it imposed one year of unsuspended prison time, and Evans's claims that the sentence was too high for "technical" violations and exceeded the SENTAC guidelines do not establish grounds for reversal.[7]

(7) Based on our review of the record, however, we conclude that the Superior Court erroneously increased the Level V time remaining to be served on Evans's sentence. The court's June 3, 2021 order sentencing Evans for his prior VOP imposed seven years and five months of imprisonment. Thus, even if Evans served no time after June 3, 2021, the Superior Court could impose, at most, seven years and five months of Level V time for the August 2022 VOP.[8] But the August 22, 2022 sentencing order erroneously increased that time to seven years and six months, and we therefore vacate that order and remand for resentencing. Evans is entitled to be present and represented by counsel when he is resentenced.

---

[6] 11 *Del. C.* § 4334(c).

[7] *See Erwin v. State*, 2019 WL 6833859, at *1 (Del. Dec. 13, 2019) (rejecting claim that VOP sentence, which imposed one year of unsuspended prison time for failure to report to probation as required and to engage in treatment as required, was excessive); *Grimm v. State*, 2018 WL 1790186, at *1 (Del. Apr. 13, 2018) (rejecting claim that the Level V time imposed for a VOP exceeded the SENTAC guidelines, because "it is well-settled that the SENTAC guidelines are voluntary and do not provide a basis for appeal of a sentence that is within the authorized statutory limits").

[8] *See Pavulak v. State*, 880 A.2d 1044 (Del. 2005) (vacating sentence imposed for second VOP because it exceeded the sentence imposed for first VOP).

(8) Following this Court's denial of the State's motion to affirm, the State submitted with its answering brief information from the Department of Correction ("DOC") reflecting the time that Evans had served, through December 2, 2022, at Level V or the Level IV VOP Center.[9] Evans's original, 2020 sentence was eight years; the August 22, 2022 VOP sentencing order sentenced Evans to seven years and six months of incarceration, effective February 3, 2022. The DOC information indicates that Evans served 285 days—approximately nine or ten months—at Level V or a Level IV VOP Center *before* February 3, 2022. As the State acknowledges, a "defendant is entitled to Level V credit for time previously served on an underlying charge at Level V or a Level IV VOP Center."[10] It is not clear to us that the VOP sentence at issue in this appeal appropriately accounted for the time that Evans had served, but we leave this for the Superior Court to determine in the first instance. Thus, when resentencing Evans, the Superior Court should ensure that the sentence appropriately accounts for the time to which Evans is entitled.

NOW, THEREFORE, IT IS ORDERED that the Superior Court's finding that the appellant violated the terms of his probation is AFFIRMED. The Superior Court's August 22, 2022 sentencing order is VACATED, and the matter is hereby

---

[9] Appendix to Answering Brief, at B-58-59. Evans was still incarcerated at the time that DOC compiled this information.

[10] *Rivera v. State*, 2014 WL 2093709, at *3 (Del. May 15, 2014).

REMANDED to the Superior Court for further proceedings consistent with this order. Jurisdiction is not retained.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice